WHEELING & LAKE ERIE RAILWAY CO. v. KOONTZ ET AL.

1. STOPPAGE IN TRANSITU—WHEN RIGHT TO APPLIES.

   The general rule is, that the vendor of goods on credit, may exercise the right of stoppage *in transitu* on the insolvency of the vendee at any time before there is an actual or constructive delivery of the goods to the vendee.

2. SAME—EXCEPTION—SALE TO BONA FIDE PURCHASER.

   An exception to this rule is, when, during the transit the vendee transfers the bill of lading to a *bona fide* purchaser for value. By such transfer the right of stoppage is terminated.

3. SAME—SALE FOR PRE-EXISTING DEBT.

   When, before the delivery of the goods to the vendee or his agent, he sells them to the carrier in payment of a pre-existing debt, the carrier is not a *bona fide* purchaser for value, and the right of stoppage *in transitu* still remains in the vendor.

ERROR to the Court of Common Pleas of Lucas county.

HAYNES, J.

A petition in error is filed here for the purpose of reversing the judgment of the court of common pleas in an action that was brought by the plaintiffs below, a partnership under the name of Koontz & Phillips v. The Wheeling & Lake Erie Railway Co., to recover the value of certain lumber that had been purchased by the railway company of the Gashe Lumber Co. of this city. Koontz & Phillips claimed a right to the property by virtue of being vendors, and by virtue of the right of stoppage *in transitu* that was vested in them upon learning, as they did learn, that the lumber company had become insolvent.

The case was tried to the court of common pleas upon an agreed statement of facts, and has been very fully and ably argued here by counsel upon both sides of the case. Judgment was rendered in the court of common pleas in favor of Koontz & Phillips against the railway company, and it was sought to reverse that judgment. The questions that were presented here were very interesting ones, and perhaps I may say, questions of serious doubt as to which side is correct in their claims in regard to the law of the case. We have given the case a very full examination, having heard it some eight or ten days ago, and having

retained it for a more full discussion than we could give it at the time we rendered our former opinions; and with some doubts and uncertainties in our minds, we have arrived at the conclusion that the judgment of the court of common pleas should be affirmed.

The case was assigned to me to deliver an opinion, but since I have had the papers I have read the opinion of the court below in the case, which was evidently prepared with great care. 7 Dec., 478. It gives a very full and clear statement of the facts in the case, and also a very full discussion and clear statement of what we believe to be the law of the case; it would therefore seem to be a work of supererogation for me to attempt to repeat those statements; for I should be able, perhaps, to add nothing to what has been said by the judge of the court of common pleas. I should simply cite, if I cited any additional authorities, the case of Loeb v. Peter & Bro., 63 Ala., 243, reading from page 249 a statement of the law of the case as given by that court in a case which in all its leading particulars was substantially like the case at bar; also the case of Lesasseur & Wise v. The Southwestern, found in 2 Woods' U. S. C. C. R., 35—a decision rendered by Justice Bradley, of the Supreme Court of the United States.

The judgment of the court of common pleas will be affirmed, but with certificate of reasonable cause for filing petition in error.

*Swayne, Hayes & Tyler*, for plaintiff in error.

*Marshall & Fraser*, for defendant ni error.